The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSH TODD,

Plaintiff,

v.

AMAZON.COM SERVICES LLC, *et al.*,

Defendants.

NO. 26-cv-278-RSL

**ORDER REGARDING PROTECTIVE ORDER**

Plaintiff Josh Todd filed this products-liability action against defendants Amazon.com Services LLC, Amazon.com, Inc. (collectively, "Amazon"), and Commerce Enterprises, Inc., claiming that he sustained injuries through the recreational use of flavored nitrous oxide canisters purchased from third-party sellers on Amazon.com. Plaintiff asserts claims for strict liability, negligence, breach of warranty, and violations of consumer-protection law. Before the Court is the parties' "LCR 37 Submission Regarding Protective Order." Dkt. 32. The parties agree that a protective order should be entered and

have agreed on all of its terms except one: plaintiff's proposed provision permitting protected discovery produced in this action to be used in certain related cases. Having reviewed the parties' submissions and the relevant legal authority, the Court grants plaintiff's request in part and modifies the proposed cross-use provision as explained below.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(c) authorizes the Court, for good cause, to enter an order protecting a party or person from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The Court has broad discretion to determine when a protective order is appropriate and the degree of protection required. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

The Ninth Circuit "strongly favors access to discovery materials to meet the needs of parties engaged in collateral litigation" because allowing discovery obtained in one action to facilitate litigation in another promotes judicial economy by avoiding duplicative discovery. *Foltz v. State Farm Mut. Auto. Ins. Co*., 331 F.3d 1122, 1131 (9th Cir. 2003). A collateral litigant seeking access to protected discovery must first demonstrate that the discovery is relevant to the collateral proceeding and generally discoverable there. *Id*. at 1132. That determination turns "on the degree of overlap in the facts, parties, and issues" between the actions. *Id*. The issuing court need make only a "rough estimate of relevance"

sufficient to determine whether permitting access would avoid a substantial amount of duplicative discovery. *Id*. at 1132–33.

The issuing court's role does not extend to resolving discovery disputes particular to the collateral action. *Id*. at 1133. Rather, those disputes, if any, remain for the court presiding over the collateral action. *Id*. The issuing court therefore determines whether its protective order should prevent collateral access, while the collateral court retains authority to determine whether particular materials are discoverable or otherwise may be used in the proceeding before it. *See id*. at 1132–33.

**DISCUSSION**

Plaintiff seeks a protective order permitting protected discovery produced in this action to be used in four pending actions involving alleged injuries from nitrous oxide products sold through Amazon: *Finnegan, et al. v. Amazon.com Services LLC, et al.*, Case No. 26-2-05235-2 SEA (King Cnty. Super. Ct.); *Lira, et al. v. Amazon.com Services LLC, et al.*, Case No. 26-2-03961-5 SEA (King Cnty. Super. Ct.); *Bogusta, et al. v. Amazon.com Services LLC, et al.*, Case No. 26-2-13822-2 SEA (King Cnty. Super. Ct.); and *Krouse v. Amazon.com Services LLC, et al.*, Case No. 2:26-cv-01286-RSL (W.D. Wash.) (collectively, the "Related Cases"). The plaintiffs in those actions are represented by the same counsel as plaintiff here, and plaintiff contends that the cases substantially overlap in their allegations and theories of liability against Amazon. Plaintiff argues that allowing

cross-case access would reduce duplicative discovery and avoid requiring the parties to reproduce and segregate identical materials in each action. Plaintiff proposes adding the following provision to the otherwise agreed protective order:

> **5.5 Use of Protected Material from Related Cases:** The Parties agree and stipulate that Protected Material produced by Parties in this case may be used in related cases including *Finnegan, et al. v. Amazon.com Services LLC, et al.*, Case No. 26-2-05235-2 SEA (Wash. Super. Ct. King Cnty.), *Lira, et al. v. Amazon.com Services LLC, et al.*, Case No. 26-2-03961-5 SEA (Wash. Super. Ct. King Cnty.), *Bogusta, et al. v. Amazon.com Services LLC, et al.*, Case No. 26-2-13822-2 SEA (Wash. Super. Ct. King Cnty.), and *Krouse v. Amazon.com Services LLC, et al.*, Case No. 2:26-cv-01286-RSL (W.D. Wash.) (collectively, the "Related Cases") by the Parties, Counsel, and Experts to the Related Cases in accordance with the Protected Material's Designation, provided that the Parties, Counsel, and Experts to the Related Cases agree to be bound by the terms of this order by signing the "Acknowledgement and Agreement to Be Bound" attached as Exhibit A. Parties may designate later-filed cases that involve similar subject matter—namely, actions alleging personal injury or other damages arising from the use, sale, or distribution of nitrous oxide canister, cartridge, charger, or tank products sold by Amazon—for which substantial overlapping discovery needs are reasonably anticipated as Related Cases by providing written notice to opposing counsel identifying the case, court, docket number, and counsel of record. Any Party may object to a designation within 14 days of notice; pending resolution of any objection, the case shall not be treated as a Related Case. If a Party does not agree that a designated later-filed case should count as a Related Case, the Parties will work in good faith to try to resolve the dispute and may apply to this Court if no agreement can be reached. Each Party reserves the right to object to the use of Protected Material in any Related Case on any ground available in that case, including relevance, privilege, and admissibility. This Court retains jurisdiction to enforce this Section, including post-termination.

Dkt. 32-2 at 8–9.

Defendants oppose the cross-use provision. They emphasize that the Related Cases involve different plaintiffs, injuries, products, and, in some instances, manufacturers, and contend that discovery will not be uniformly relevant across the actions. Defendants point, for example, to plaintiff-specific purchase and medical records and manufacturer-specific business information that may have no relevance to another plaintiff's claims. Defendants maintain that the parties can achieve legitimate efficiencies without a cross-use provision by producing the same materials in multiple cases when those materials are responsive and discoverable there. They further contend that plaintiff's proposal circumvents *Foltz* by permitting access to protected discovery before a collateral litigant establishes its relevance and general discoverability in the collateral action.

The Court agrees with plaintiff that the protective order should not categorically bar cross-case access but concludes that plaintiff's proposed language is too broad. The Court concludes that plaintiff has made the threshold showing required by *Foltz*. Each of the Related Cases asserts claims arising from the sale of nitrous oxide products through Amazon and includes substantially overlapping allegations concerning Amazon's role in selling and promoting those products, its alleged knowledge that consumers were using them recreationally, and its alleged failure to provide adequate warnings about the risks of that use. *See* Dkt. 32-1, Attachments 5–8. Although the cases involve different

plaintiffs, injuries, and manufacturers, those differences do not eliminate the substantial overlap in discovery concerning Amazon's conduct. The Court is therefore satisfied, at the preliminary level required by *Foltz*, that discovery concerning Amazon's conduct is relevant to and generally discoverable in the Related Cases and that permitting collateral access has the potential to avoid a substantial amount of duplicative discovery. *See Foltz*, 331 F.3d at 1132–33.

However, that conclusion does not mean that all discovery produced in this action is discoverable in every Related Case. The Ninth Circuit carefully separated those inquiries in *Foltz*. Under *Foltz*, the issuing court determines whether its protective order should stand as an obstacle to collateral access; it does not decide whether collateral litigants are ultimately entitled to particular discovery. *Id.* at 1132–33. Disputes concerning the discoverability of specific materials, including case-specific objections based on relevance, proportionality, privilege, or other limitations, are to be resolved by the courts presiding over the collateral actions. *Id.* Plaintiff's proposed provision, which states broadly that Protected Material produced here "may be used" in the Related Cases, does not adequately preserve that distinction. Nor is the reservation of a right to object to "use" on grounds of relevance, privilege, or admissibility sufficient, because it could be read to authorize disclosure of materials before the collateral action's discovery requirements have been satisfied. The Court will therefore permit cross-case access while

modifying plaintiff's proposed provision to preserve the framework established in *Foltz*.

Section 5.5 shall provide:

> **5.5 Protected Material in Related Cases.** The Court finds that protected discovery in this action is sufficiently relevant to and generally discoverable in *Finnegan, et al. v. Amazon.com Services LLC, et al.*, Case No. 26-2-05235-2 SEA (Wash. Super. Ct. King Cnty.), *Lira, et al. v. Amazon.com Services LLC, et al.*, Case No. 26-2-03961-5 SEA (Wash. Super. Ct. King Cnty.), *Bogusta, et al. v. Amazon.com Services LLC, et al.*, Case No. 26-2-13822-2 SEA (Wash. Super. Ct. King Cnty.), and *Krouse v. Amazon.com Services LLC, et al.*, Case No. 2:26-cv-01286-RSL (W.D. Wash.) (collectively, the "Related Cases") and that permitting collateral access may avoid substantial duplicative discovery. Accordingly, Protected Material may be disclosed in the Related Cases subject to the conditions below.
>
> Protected Material produced in this action may be disclosed to the Parties, Counsel, and Experts in a Related Case, in accordance with the Protected Material's Designation, if the Producing Party agrees that the material is discoverable in the Related Case or the court presiding over the Related Case determines that the material is discoverable. Any Party, Counsel, or Expert receiving Protected Material under this Section must agree to be bound by the terms of this Protective Order by signing the "Acknowledgement and Agreement to Be Bound" attached as Exhibit A. No further modification of this Protective Order is required for disclosure authorized under this paragraph.
>
> Nothing in this Section determines whether any particular Protected Material is relevant, proportional, privileged, discoverable, admissible, or otherwise may be used in a Related Case, and nothing in this Section supersedes or alters any discovery limitation, protective order, or other order governing a Related Case. Any dispute concerning the discoverability or permissible use of particular Protected Material in a Related Case shall be resolved by the court presiding over that action.
>
> Parties may designate later-filed cases involving similar subject matter—namely, actions alleging personal injury or other damages arising from the use, sale, or distribution of nitrous oxide canister, cartridge, charger, or tank products sold by Amazon—for which substantial overlapping discovery

> needs are reasonably anticipated as Related Cases by providing written notice to opposing counsel identifying the case, court, docket number, and counsel of record. Any Party may object to a designation within 14 days of notice, and, pending resolution of an objection, the case shall not be treated as a Related Case. If the Parties cannot resolve an objection in good faith, the proposed later-filed case shall not be treated as a Related Case unless and until this Court determines that protected discovery in this action is sufficiently relevant to and generally discoverable in that action that permitting collateral access would avoid substantial duplicative discovery. This Court retains jurisdiction to enforce the confidentiality obligations imposed by this Protective Order, including post-termination.

This modification permits the efficiencies contemplated by *Foltz* without allowing discovery obtained in one action to circumvent limitations imposed in another. Once material is agreed or determined to be discoverable in a Related Case, the protective order entered here will present no additional barrier to its disclosure, and the parties may avoid unnecessarily duplicating discovery already completed. If the parties dispute whether particular material is discoverable or may properly be used in a Related Case, however, that dispute remains where *Foltz* places it—with the court presiding over that action. *See Foltz*, 331 F.3d at 1132–33.

Defendants' reliance on *HDT* and similar cases does not compel a different result. The courts in those cases rejected proposed sharing provisions that permitted collateral use without the threshold relevance determination required by *Foltz* and without preserving the collateral forum's authority over discoverability; here, the Court has made the required relevance determination, and the modified provision expressly leaves disputes concerning particular materials to the court presiding over the Related Case. *See*

*HDT Bio Corp. v. Emcure Pharms. Ltd.*, No. C22-0334JLR, 2022 WL 4131589, at *2 (W.D. Wash. Sept. 9, 2022).

Finally, defendants argue that cross-case access would allow plaintiffs to obtain the benefits of aggregate litigation after structuring their lawsuits to avoid Rule 23 and the Class Action Fairness Act ("CAFA"). That concern does not warrant denying access. The Ninth Circuit has rejected the contention that plaintiffs improperly evade CAFA by filing separate actions involving fewer than 100 plaintiffs and has recognized that Congress appears to have anticipated such case structuring. *Tanoh v. Dow Chemical Co.*, 561 F.3d 945, 953–54 (9th Cir. 2009). And to the extent defendants are concerned that cross-case access could circumvent discovery limits imposed elsewhere, the modified provision preserves each collateral court's authority over discovery in the action before it.

Dated this 14th day of August 2026.

Robert S. Lasnik
United States District Judge